# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| WATSONSEAL MARKETING, LLC, ) ) ) Plaintiff, ) ) v. ) ) CRAWLSPACE NINJA IP LLC; ) CRAWLSPACE NINJA HOLDING ) LLC; CRAWLSPACE NINJA ) FRANCHISING LLC; ) CRAWLSPACE NINJA FINANCE ) LLC; and MICHAEL CHURCH, ) ) Defendants. ) | Civil Action Number: _____ |

## COMPLAINT

Plaintiff WatsonSeal Marketing, LLC ("WatsonSeal") files this complaint against defendants Crawlspace Ninja IP LLC; Crawlspace Ninja Holding LLC; Crawlspace Ninja Franchising LLC; and Crawlspace Ninja Finance LLC, and Michael Church (collectively, "Crawl Space Ninja") and alleges as follows:

### NATURE OF THE ACTION

1. This action arises under the Lanham Act, 15 U.S.C. § 1125, and Alabama law.

## PARTIES

2. WatsonSeal is a limited liability company organized and existing under the laws of the State of Alabama.

3. On information and belief, Crawlspace Ninja IP LLC is a Tennessee limited liability company with its principal place of business at 6011 Ridan Drive, Knoxville, Tennessee 37909-1250.

4. On information and belief, Crawlspace Ninja Holding LLC is a Tennessee limited liability company with its principal place of business at 6011 Ridan Drive, Knoxville, Tennessee 37909-1250.

5. On information and belief, Crawlspace Ninja Franchising LLC is a Tennessee limited liability company with its principal place of business at 6011 Ridan Drive, Knoxville, Tennessee 37909-1250.

6. On information and belief, Crawlspace Ninja Finance LLC is a Tennessee limited liability company with its principal place of business at 6011 Ridan Drive, Knoxville, Tennessee 37909-1250.

7. On information and belief, Michael Church is an adult individual residing in Knox County, Tennessee.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, and 1367.

9. This Court has personal jurisdiction over Crawlspace Ninja IP LLC because it transacts business in and has engaged in other conduct within the State of Alabama such that it has sufficient contacts with the State, it purposefully avails itself of the privileges and benefits of conducting business and advertising within the State of Alabama, a substantial part of the events or omissions giving rise to WatsonSeal's claims against Crawlspace Ninja IP LLC occurred in Alabama and involved Crawlspace Ninja IP LLC, and the exercise of jurisdiction over Crawlspace Ninja IP LLC comports with traditional notions of fair play and substantial justice.

10. This Court has personal jurisdiction over Crawlspace Ninja Holding LLC because it transacts business in and has engaged in other conduct within the State of Alabama such that it has sufficient contacts with the State, it purposefully avails itself of the privileges and benefits of conducting business and advertising within the State of Alabama, a substantial part of the events or omissions giving rise to WatsonSeal's claims against Crawlspace Ninja Holding LLC occurred in Alabama and involved Crawlspace Ninja Holding LLC, and the exercise of jurisdiction over Crawlspace Ninja Holding LLC comports with traditional notions of fair play and substantial justice.

11. This Court has personal jurisdiction over Crawlspace Ninja Franchising LLC because it transacts business in and has engaged in other conduct within the State of Alabama such that it has sufficient contacts with the State, it purposefully

avails itself of the privileges and benefits of conducting business and advertising within the State of Alabama, a substantial part of the events or omissions giving rise to WatsonSeal's claims against Crawlspace Ninja Franchising LLC occurred in Alabama and involved Crawlspace Ninja Franchising LLC, and the exercise of jurisdiction over Crawlspace Ninja Franchising LLC comports with traditional notions of fair play and substantial justice.

12. This Court has personal jurisdiction over Crawlspace Ninja Finance LLC because it transacts business in and has engaged in other conduct within the State of Alabama such that it has sufficient contacts with the State, it purposefully avails itself of the privileges and benefits of conducting business and advertising within the State of Alabama, a substantial part of the events or omissions giving rise to WatsonSeal's claims against Crawlspace Ninja Finance LLC occurred in Alabama and involved Crawlspace Ninja Finance LLC, and the exercise of jurisdiction over Crawlspace Ninja Finance LLC comports with traditional notions of fair play and substantial justice.

13. This Court has personal jurisdiction over Michael Church because he regularly conducts business in and has engaged in other conduct within the State of Alabama such that he has sufficient contacts with the State, he purposefully avails himself of the privileges and benefits of conducting business and advertising within the State of Alabama, a substantial part of the events or omissions giving rise to

WatsonSeal's claims against Michael Church occurred in Alabama and involved Michael Church, and the exercise of jurisdiction over Michael Church comports with traditional notions of fair play and substantial justice.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON AS TO ALL COUNTS

### A. Background on WatsonSeal

15. WatsonSeal is engaged in the business of crawl space and basement performance products. In particular, WatsonSeal manufactures polymer lumber and concrete sealants for the residential and/or commercial construction, restoration, mold mitigation, crawlspace and/or basement waterproofing, and foundation repair industries.

16. WatsonSeal has invested significant time and resources—both monetary and nonmonetary—to develop and protect its reputation, brand equity, and/or overall customer goodwill.

17. WatsonSeal has also invested significant time and resources—both monetary and nonmonetary—to develop and protect its intellectual property and proprietary products.

18. WatsonSeal products are independently lab tested and meet or exceed industry specifications, American Society for Testing and Materials (ASTM), U.S.

Department of Agriculture (USDA), and Federal Emergency Management Agency (FEMA) guidelines.

19. Specifically, and pertinent to this matter, one of WatsonSeal's proprietary products is LumberKote™.

20. LumberKote™ is a crawl space framing and subfloor polymer sealer. It is specifically designed to protect structural framing and subfloor systems from excessive moisture absorption and rapid moisture uptake, which, if not remediated, deteriorates and rots lumber and accelerates the growth and damage by wood-destroying organisms (e.g., mold and fungus). LumberKote™ is the first non-toxic, volatile-organic- compound-free crawl space framing and subfloor polymer sealer.

21. LumberKote™ utilizes controlled desiccation osmosis to immediately begin drying out lumber and stabilizing the lumber's moisture content to acceptable levels when situations of repairs are required, such as sagging floors and hardwood cupping, among others.

22. LumberKote™ is designed to dry out wood as well as seal it off from subsequent water intrusion and/or moisture. As a result, lumber does not have to be dried out before LumberKote™ is applied. In fact, the moisture content of the lumber can be above 40-60% prior to applying LumberKote™.

23. LumberKote™ effectively inhibits and resists mold and fungus.

24. This proprietary technology materially distinguishes LumberKote™ from other sealants sold in the marketplace.

B. **Background on Crawl Space Ninja**

25. Crawl Space Ninja is engaged in business in crawl space encapsulation, waterproofing, mold, and insulation.

26. Crawl Space Ninja provides services in the following states: Alabama, Delaware, Georgia, Kentucky, North Carolina, South Carolina, Tennessee, and Virginia.

27. Crawl Space Ninja is also a distributor for various products sold on its website. One of the products sold by Crawl Space Ninja is x70 by Anabec Systems ("Anabec x70").

28. According to Crawl Space Ninja, Anabec x70 is a moisture barrier product designed for application to unfinished building surfaces. https://diy.crawlspaceninja.com/anabec-x70/ (last accessed May 13, 2022). Application of Anabec x70 is the second step in Anabec's two-step system.

29. Crawl Space Ninja also operates a YouTube channel. According to Crawl Space Ninja's website, the purpose of its YouTube channel is to "educate homeowners about their crawl spaces and basements." https://crawlspaceninja.com/about-us/ (last accessed May 13, 2022).

30. Crawl Space Ninja's YouTube channel has approximately 32.2K subscribers and over 7,261,646 views. https://www.youtube.com/channel/UCIdzZrKCdyNf1Oh1cGjSYnA (last accessed May 13, 2022).

**C.    Crawl Space Ninja's False and Misleading YouTube Video**

31. On or about April 27, 2021, Crawl Space Ninja published and disseminated a video entitled "Do Wood Sealers Work at Preventing Mold in Crawl Space" on its YouTube channel (the "video").

32. In the video, Crawl Space Ninja made numerous false, misleading, and discrediting representations while referring to and displaying wood purportedly treated with LumberKote™.

33. One example of Crawl Space Ninja's false, misleading, and discrediting representations occurred in the first 25 seconds the video.

34. Specifically, Crawl Space Ninja states that "[o]ne of [its] inspectors down in Alabama went to a job that had a subfloor and floor joist sealer applied and now it has mold growing on it."

35. The image accompanying this statement depicted existing fungus underneath the LumberKote™ application. The image in the video did not appear to show new growth.

36. As such, Crawl Space Ninja's representation that new growth occurred after LumberKote™ was applied and/or that LumberKote™ failed to stop the mold or fungus from growing is factually untrue.

37. The video also included a false and misleading comparison between LumberKote™ and Anabec x70.

38. In the video, Crawl Space Ninja specifically noted that Anabec x70 is not a replacement for conditioning the space through humidity control and drying out the wood.

39. Crawl Space Ninja made these comparisons despite its knowledge that Anabec x70 is marketed as a tool for keeping lumber dry by creating a barrier between the wood and the moisture, and that Anabec x70 does not act to eliminate the moisture itself.

40. On the other hand, Crawl Space Ninja knew that LumberKote™ is in fact designed to dry out wood as well as seal it off from subsequent water intrusion and/or moisture.

41. As such, Crawl Space Ninja compared LumberKote™ and Anabec x70 despite knowing that the two products perform different roles, have different purposes, and utilize different methodologies.

42. Crawl Space Ninja's false and misleading comparison was intended to purposefully deceive the public, including WatsonSeal's current and prospective customers about LumberKote™'s uses, benefits, and characteristics.

43. Crawl Space Ninja's false and misleading comparison was intended to promote Anabec x70 to Crawl Space Ninja's benefit.

44. Crawl Space Ninja perpetuated this false advertising in order to deprive WatsonSeal of customers and to lure them to Crawl Space Ninja.

45. As a result of the video, WatsonSeal lost current and/or prospective customers. In turn, WatsonSeal was financially damaged from the video.

46. WatsonSeal also has suffered significant damage to its reputation and goodwill as a result of the disparaging and misleading representations made by Crawl Space Ninja in the video.

## CAUSES OF ACTION
## COUNT I
## WILLFUL VIOLATION OF THE LANHAM ACT

47. WatsonSeal realleges and incorporates by reference the allegations of paragraph 1 through 46, inclusive, of the complaint as if fully set forth here.

48. Crawl Space Ninja published and disseminated a video that it knew or should have known contained and publicized false and/or inaccurate representations, which were likely to cause confusion, mistake, or deception, and constitutes unfair competition.

49. Crawl Space Ninja's video was a commercial advertisement and/or promotion for its services and/or Anabec x70.

50. Crawl Space Ninja's false and/or inaccurate representations were connected with interstate commerce in that the video was disseminated on YouTube, which is an international medium.

51. Crawl Space Ninja's false and/or inaccurate representations were calculated efforts to mislead and/or deceive customers about WatsonSeal's proprietary product, LumberKote™.

52. Crawl Space Ninja's acts were willful, intentional, and made with full knowledge of the false designation or origin or false and/or misleading description or representation of fact.

53. Crawl Space Ninja's false and/or inaccurate representations materially affected WatsonSeal current and prospective customers buying decisions.

54. Crawl Space Ninja's acts constitute false advertising in violation of the Lanham Act, 15 U.S.C. § 1125.

55. As a result of Crawl Space Ninja's conduct, WatsonSeal has suffered significant monetary and nonmonetary damages.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

56. WatsonSeal realleges and incorporates by reference the allegations of paragraph 1 through 46, inclusive, of the complaint as if fully set forth here.

57. Crawl Space Ninja knowingly interfered with the prospective business of WatsonSeal.

58. Crawl Space Ninja acted with a conscious effort to prevent business relations from occurring, and knew or should have known that such interference was substantially certain to occur.

59. Crawl Space Ninja's conduct was independently tortious or unlawful.

60. Crawl Space Ninja's interference proximately caused WatsonSeal's injuries.

61. As a direct and proximate cause of Crawl Space Ninja's actions, WatsonSeal was damaged.

## COUNT III
## VIOLATION OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT, ALA. CODE §§ 8-19-1, *et seq.*

62. WatsonSeal realleges and incorporates by reference the allegations of paragraph 1 through 46, inclusive, of the complaint as if fully set forth here.

63. Crawl Space Ninja's acts have misled and deceived and/or are likely to mislead and deceive the public of the State of Alabama.

64. Crawl Space Ninja's video advertised and marketed LumberKote™ as not stopping mold and fungus from growing and other false representations as set forth in this complaint.

65. Crawl Space Ninja has wrongfully represented that LumberKote™ has characteristics, uses, or qualities that it does not have.

66. Crawl Space Ninja has wrongfully represented that LumberKote™ is of a particular standard, quality, or grade and/or that LumberKote™ is of a particular style or model, that it is not.

67. Crawl Space Ninja has engaged in unconscionable, false, misleading, and/or deceptive practices in the conduct of trade or commerce, including marketing and advertising LumberKote™.

68. By its actions, Crawl Space Ninja disseminated uniform false advertising , which by its nature is unfair, deceptive, untrue and/or misleading within the meaning of the Alabama Deceptive Trade Practices Act. These actions are likely to deceive and do deceive the Alabama public about LumberKote™.

69. The misrepresentations and omissions of fact constitute deceptive, false and misleading advertising in violation of the Alabama Deceptive Trade Practices Act.

70. As a direct and proximate result of Crawl Space Ninja's willful and intentional actions, WatsonSeal has suffered damages.

## COUNT IV
## MISREPRESENTATION

71. WatsonSeal realleges and incorporates by reference the allegations of paragraph 1 through 46, inclusive, of the complaint as if fully set forth here.

72. Crawl Space Ninja made representations and/or statements about LumberKote™ to the public.

73. Crawl Space Ninja's statements about LumberKote™ were false, misleading, and/or inaccurate.

74. Crawl Space Ninja knew or should have known that its statements about LumberKote™ were false, misleading, and/or inaccurate.

75. Despite this knowledge, Crawl Space Ninja published and/or disseminated such statements to the public.

76. As a direct and proximate result of Crawl Space Ninja's false, misleading, and/or inaccurate statements about LumberKote™, WatsonSeal has been damaged.

## COUNT V
## COMMERCIAL DISPARAGMENT

77. WatsonSeal realleges and incorporates by reference the allegations of paragraph 1 through 46, inclusive, of the complaint as if fully set forth here.

78. Crawl Space Ninja made derogatory statements about WatsonSeal for the purpose of discouraging others from dealing with WatsonSeal.

79. Crawl Space Ninja's disparaging statements injured the reputation of WatsonSeal. These disparaging statements made by Crawl Space Ninja pertain to statements about LumberKote™, WatsonSeal's proprietary product.

80. Crawl Space Ninja's statements reflected negatively on WatsonSeal and LumberKote™.

81. Crawl Space Ninja knew or should have known that the statements were false.

82. Crawl Space Ninja provided false information that it published via YouTube within the community.

83. Crawl Space Ninja cannot substantiate the defamatory statements.

84. As a direct and proximate result of the Crawl Space Ninja's unlawful conduct, WatsonSeal was damaged.

## COUNT VI
## UNJUST ENRICHMENT

85. WatsonSeal realleges and incorporates by reference the allegations of paragraph 1 through 46, inclusive, of the complaint as if fully set forth here.

86. As described above, Crawl Space Ninja engaged in unfair and unlawful activities to deprive WatsonSeal of customers for their own benefit.

87. Crawl Space Ninja knew or should have known that WatsonSeal customers would cease using WatsonSeal as a result of its conduct.

88. Crawl Space Ninja knew or should have known that they would unjustly benefit from its conduct by usurping WatsonSeal's current and/or prospective customers.

89. By providing services and/or depriving WatsonSeal from providing services to those customers, Crawl Space Ninja was unjustly enriched, either directly or indirectly.

90. But for Crawl Space Ninja's unjust enrichment, those customers would have remained WatsonSeal customers. As such, Crawl Space Ninja has money that, in equity and good conscience, belongs to WatsonSeal.

## JURY DEMAND

91. WatsonSeal demands a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, WatsonSeal prays for relief as follows:

(a) That the Court award statutory damages and/or damages of an amount up to three (3) times WatsonSeal's damages or Crawl Space Ninja's illicit profits from their false advertising;

(b) That the Court award damages of an amount up to three (3) times Crawl Space Ninja's illicit profits from their false advertising;

(c) That the Court award WatsonSeal its reasonable attorneys' fees under 15 U.S.C. § 1117;

(d) That the Court enjoin and restrain WatsonSeal from further false advertising of LumberKote™;

(e) An adjudication that Crawl Space Ninja has tortiously interfered with WatsonSeal's business relations and WatsonSeal is entitled to compensatory and punitive damages in an amount to be determined at trial;

(f) An adjudication that Crawl Space Ninja has violated Ala. Code § 8-12A-1 *et seq*. (1975) and is entitled to compensatory and exemplary damages in an amount to be determined at trial plus attorneys' fees and costs;

(g) That the Court award punitive damages against Crawl Space Ninja to deter any further false advertising of LumberKote™;

(h) That the Court award WatsonSeal interest, including pre-judgment and post-judgment interest, on its damages awards as allowed by law;

(i) That all costs be taxed against Crawl Space Ninja; and

(j) That WatsonSeal be granted such other and further relief as the Court deems just and proper.

**DATED** this the 20th day of May, 2022.

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
Lauren A. Smith (ASB-0432-E48S)
Stephanie M. Gushlaw (ASB-1050-F67A)

**Attorneys for plaintiff WatsonSeal Marketing, LLC**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email:  cgb@lanierford.com
        las@lanierford.com
        smg@lanierford.com

**Defendants are to be served at the following addresses by certified mail restricted delivery, sheriff, and/or process server:**

**CRAWLSPACE NINJA IP LLC**
6011 Ridan Drive
Knoxville, Tennessee 37909-1250

**CRAWLSPACE NINJA HOLDING LLC**
6011 Ridan Drive
Knoxville, Tennessee 37909-1250

**CRAWLSPACE NINJA FRANCHISING LLC**
6011 Ridan Drive
Knoxville, Tennessee 37909-1250

**CRAWLSPACE NINJA FINANCE LLC**
6011 Ridan Drive
Knoxville, Tennessee 37909-1250

Michael Church
7148 Marlee Park Boulevard
Knoxville, Tennessee 37921